CLOSED

4

FILED

JAN 30 2008

CLERK'S OFFICE
U.S. DISTRICT OFFICE
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSTAFA AL SAFFI,

Plaintiff,

v.  Case No. 08-CV-10341-DT

UNITED STATES CUSTOMS AND
IMMIGRATION SERVICES,

Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S "APPLICATION TO PROCEED *IN FORMA PAUPERIS*" AND REMANDING CASE**

Plaintiff Mustafa Al Saffi, a lawful permanent resident, filed an application for United States naturalization on July 2, 2004. Plaintiff was interviewed on December 2, 2004, passed the English, history and government tests, and was told that he would have to wait for his security check to be completed. While the United States Citizenship and Immigration Services ("USCIS") submitted a name check request to the Federal Bureau of Investigation ("FBI"), the FBI has not yet completed the name check. Because of this delay, Plaintiff filed the instant complaint, requesting that the court "let the defendant either clear my name and ultimately approve my case for naturalization or inform me about the specific reasons for holding my application." (Pl.'s Comp. at 2.) Plaintiff has also filed an application to proceed *in forma pauperis*.

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous,

fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

Under 8 U.S.C. § 1447(b), this court has jurisdiction over Plaintiff's application if it has been pending for over 120 days after the examination has been completed:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the application resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

Despite having jurisdiction over Plaintiff's application, the court determines that this case should be remanded to the USCIS for adjudication after the background check has been completed. Many courts have found that remand is proper in these circumstances because "without the criminal background check [], the [c]ourt is not equipped to decide the Petitioner's naturalization application." *Zhang v. Chertoff*, No. 05-72121, 2006 WL 4045600 at *2 (E.D. Mich. Feb. 1, 2006) (citing *El-Daour v.*

2

Chertoff, No. 04-1911, 2005 WL 2106572 (W.D. Pa. 2005); *Essa v. United States Citizenship and Immigration Services*, No. 05-1449, 2005 WL 3440827 (D. Minn. 2005)). The court agrees that it "lacks the information to make a proper determination of Plaintiff's immigration application," and "although the application process has been delayed by the FBI name check, the result of this check is an important piece of information for a final determination of Plaintiff's application." *Mahmood v. Jenifer*, No. 05-40154, 2005 WL 5179153 at *1 (E.D. Mich. Nov. 30, 2005) (Gadola, J.)

Under all the facts presented by Plaintiff, he is not entitled to the relief he seeks; instead, remand is proper. See *Issa v. Mueller*, 486 F. Supp. 2d 668 (E.D. Mich. 2007) (Feikens, J.); *Attisha v. Jenifer*, No. 07-10345, 2007 WL 2637772 (E.D. Mich. Sept. 6, 2007) (Friedman, C.J.); *Ouili v. Dep't of Homeland* Security, No. 07-11749, 2007 WL 2259335, (E.D. Mich. Aug. 2, 2007) (Roberts, J.); *Al-Yasiry v. USCIS.*, 07-11633, 2007 WL 2221397 (E.D. Mich. July 30, 2007) (Edmunds, J.); *Al-Mohammed v. USCIS,* No. 07-10732, 2007 WL 2004866 (E.D. Mich. July 9, 2007) (Duggan, J.). Accordingly,

IT IS ORDERED that Plaintiff's "Application to Proceed In Forma Pauperis" [Dkt. #2] is GRANTED.

IT IS FURTHER ORDERED that this case is REMANDED to the USCIS for resolution following completion of the background check.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 30, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 30, 2008, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522